### JONATHAN DRURY *vs.* DANIEL BACHELDER.

The right of homestead, secured to husband and wife by *St.* 1855, *c.* 238, is not lost by their both leaving the house and removing their furniture and going out to work separately elsewhere, so long as the wife continues to visit the house from time to time for the purpose of taking care of it, and they acquire no new homestead; and a deed of the estate by the husband in which the wife does not join is void, under § 5 of that statute.

ACTION OF TORT for breaking and entering the plaintiff's close on the 18th of April 1857. The defendant justified under Willard Twichell and Elmira his wife.

At the trial in the court of common pleas, the plaintiff, to prove his title to the close, introduced a deed of warranty thereof, dated October 8th 1852, to Elmira Twichell, and a quitclaim deed thereof, dated December 8th 1856, from Willard Twichell to the plaintiff, in which Elmira Twichell did not join.

The defendant contended that the deed from Willard to the plaintiff was void under the homestead exemption act of 1855, *c.* 238; and introduced evidence that from the time of the deed to Elmira, she and her husband, having no other family, occupied the premises as their residence until the 29th of May 1855, when they went away to separate places to work for wages, and did not afterwards live together on the premises, except on the nights of July 30th and August 9th and 10th 1855; that their furniture remained there until August or September 1856, and during that time the husband went there frequently to see to the house and furniture, and the wife, who worked in a family near by, visited the house once or twice a week, built fires in it and took care of the house and its contents, until the removal of the furniture, after which the premises were unoccupied, but were often visited by the wife, who built fires there, cleared away the snow and did whatever she thought necessary to take care of the house; and Willard Twichell and his wife, since the conveyance of this estate to her, have not had any other homestead. But *Perkins*, J., for the purposes of the trial, ruled that the deed was not void, but passed to the plaintiff

Willard Twichell's interest in the premises. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*C. Brimblecom,* for the defendant.

*C. Devens, Jr. & J. D. Washburn,* for the plaintiff. Willard Twichell had an estate for the joint lives of himself and his wife, which passed by the deed. Reeve Dom. Rel. 27. 2 Kent Com. (6th ed.) 131. *Clapp* v. *Stoughton,* 10 Pick. 469. *Litchfield* v. *Cudworth,* 15 Pick. 23. *Barber* v. *Root,* 10 Mass. 260. *Chapman* v. *Gray,* 15 Mass. 439. *Mattocks* v. *Stearns,* 9 Verm. 326. *Babb* v. *Perley,* 1 Greenl. 6.

The premises had ceased to be occupied as a homestead. The furniture had been removed and there was no evidence of an intention on the part of Twichell or his wife to return. The subsequent visits of the wife were only to take care of the property and could not make an occupation. *Sts.* 1851, *c.* 340; 1855, *c.* 238; 1857, *c.* 298.

DEWEY, J. The plaintiff derives his title and constructive possession of the premises alleged to have been forcibly entered upon by the defendant, from a deed of Willard Twichell, who held the estate in the right of his wife for and during their coverture. This paper title would have been sufficient to maintain the present action, independently of the *St.* of 1855, *c.* 238. By this act very broad provisions were made to secure to any householder having a family a homestead exemption; and that not only as against attaching creditors, but equally against the conveyance thereof by the husband unless the wife join in the deed of conveyance. The deed of the husband alone, from which the plaintiff derives all his title, is invalid in law, if at the time of its execution the premises were a homestead exempted under the *St.* of 1855, *c.* 238. It is conceded that the premises were, at the time this act took effect, by force thereof an exempted homestead, occupied by Willard Twichell and his wife, and so protected by force of the statute that the same could not be taken by levy of execution, or a valid conveyance thereof be made by the husband without the wife joining in the deed. The only question is whether this character of the premises as a homestead was after that period lost, and so continued to the

time of the making of the deed by Willard Twichell to the plaintiff.

That a homestead right or exemption may be lost is obvious Such would be the effect of acquiring a new homestead by a change of place of residence, or by other acts of abandonment of an unequivocal character by all parties interested in its continuance. But these parties had no other homestead than this, and the further inquiry is whether the facts stated in the present case operate to divest the premises of the character of a homestead which the wife may still occupy and enjoy as such. It appears that they did not continue constantly to occupy the same after the 29th of May 1855, they having on that day gone to separate places to work for wages, but returning to occupy the same at night, once in the month of July and twice in the month of August; that their furniture remained there long after this period; that care of the furniture and the premises was taken by both husband and wife, who often went to the dwelling-house for this purpose; that in the month of August or September 1856 the furniture was removed from the house; and that after such removal the wife often went to the house, built fires, cleared it of snow, and did what she deemed necessary to take care of the house.

As it seems to us, upon this state of facts, the premises had not lost the character of a homestead, and the right of the wife to assert such claim, and to enter upon the premises for the purposes of using them as a homestead, was a legal right which she might exercise on her own behalf, although her husband did not participate in her acts. A leading object of the homestead exemption was to provide a home for the wife. This right by the very terms of the statute the husband could not defeat by his sole deed. Much less could he do so by removing the furniture or withdrawing himself by hiring himself to work for wages. If such were the effect, then the provision so directly stated in the statute, that " no conveyance by the husband of any property exempted as aforesaid shall be valid in law unless the wife join in the deed of conveyance," would be rendered entirely nugatory at the will of the husband. Upon the suppo-

sition that a withdrawal of the furniture from the house and the absence of the husband therefrom would destroy the homestead right and exemption, the husband might always resort to this course, and thus qualify himself to give a valid deed without the assent and concurrence of his wife. In the opinion of the court, the statute was designed to protect the wife against the acts of the husband, as well as of his creditors, and, upon the facts proved, the deed to the plaintiff was ineffectual as against the wife and her right to occupy the premises as a homestead.

*Exceptions sustained.*