TIMOTHY CONNOR *vs.* WILLIAM McMURRAY & another.

A right of homestead acquired under *St.* 1857, *c.* 298, is not barred by a deed of mortgage with covenants of warranty, and a power of sale in case of a breach of the condition, subsequently executed by the owner, and by his wife in token of her release of dower, but containing no mention of the right of homestead, under which a sale of the premises has been made upon breach of condition; or by a levy of execution thereon; although since the levy he and his family have removed from the premises.

WRIT OF ENTRY, to recover possession of a parcel of land in Pittsfield, containing thirty six rods of land, with two dwelling-houses thereon.   The only material fact which appeared at the trial in the superior court, and is not stated fully in the opinion, was that, after the levy and set-off of the premises on an execution in favor of James Reid against the plaintiff, the latter left the premises and removed his family and effects to a house upon another piece of land.   By consent, the case was tried by the court without a jury, and judgment was rendered by *Rockwell,* J. for the defendants.   The plaintiff alleged exceptions, and the parties agreed that this court might order such judgment as the case should require.

*J. D. Colt & T. P. Pingree, Jr.,* for the plaintiff.

*R. W. Adam,* (*A. Potter* with him,) for the defendants.

MERRICK, J.   This is an action to recover possession of the land and buildings described in the declaration.   The demandant acquired by a deed dated March 27, 1852, from Henry Stearns and Frederick A. Willis, a title to the premises which is not contested.   And on the 23d day of March 1858, according to the statement in the bill of exceptions, he filed his declaration of his intention to hold this land as a homestead.   By this we understand, and it was so treated by the parties at the argument, that, by due proceedings had relative thereto at that time, when the demandant was in the rightful possession of the premises, and was living thereon as a householder with his family, the same, not then exceeding $800 in value, became, under and by force of the provisions of *St.* 1857, *c.* 298, exempt as his homestead from sale, or levy on execution.

On the 12th of August 1858, the demandant made a mortgage of that date, containing a power of sale of the premises, together with two other parcels of land, to the tenant McMurray, to secure the payment to him of two promissory notes, amounting together to the sum of $1007.32, and interest, at the several times therein mentioned. His wife joined with him in that deed, in token of her relinquishment of dower, but nothing was said in it concerning or in reference to the homestead right. The first of those notes not having been paid when it became due, McMurray on the 11th of June 1859, in pursuance of said power of sale and for breach of condition, sold the premises at public auction to W. R. Plunkett for the nominal sum of $300, and made and executed a deed of the premises to him. No money however was paid by Plunkett; but subsequently, to wit, on the 7th of July following, he reconveyed the same to McMurray, who indorsed $294.75, being said nominal sum of $300 less the charges and expenses of sale, on one of the notes secured by said mortgage.

The tenants defended under said mortgage deed and the said sale and deeds made in pursuance of the said power of sale. They also relied upon a quitclaim deed from James Reid of a portion of the premises which had been set off to him in satisfaction of an execution in his favor against the demandant. The attachment on mesne process in the suit on which judgment and said execution was obtained was made on the 3d day of June 1858.

Upon this statement of facts, it is manifest that the tenants can make no effectual defence to the present action.

By § 6 of the statute above cited it is provided, that " no conveyance by the owner of any homestead farm, or lot and buildings thereon, exempted by law from sale or levy on execution, the value whereof shall not exceed eight hundred dollars, shall be valid in law to convey or release such homestead, unless the wife shall join in the conveyance "; that is, for the express purpose of releasing or conveying the homestead. The deed of mortgage was invalid by the express terms of the statute, because the wife of the mortgagor did not join with him in it

for the purpose of releasing the homestead; and the levy of the execution in favor of Reid was inoperative, because by force of the statute the estate was exempt from any liability to be taken upon that process.

It has been argued for the tenants that the mortgagor is estopped by the covenants in his deed from denying that the title to the premises passed by it to the mortgagee, and also that the exemption to which the homestead estate was entitled was waived or lost by the mortgagor when he removed from it into a house upon another parcel of land. But there is no force in either of these suggestions. As to the last of them, the provision in the statute, that "no release or waiver of such exemption shall be valid in law unless by deed acknowledged and recorded as in the case of conveyances of real estate," is a complete and decisive answer; and as to the other, it would be absurd to hold that a deed which the law declares to be wholly invalid should yet, by reason of the covenants of the grantor, operate effectually as a grant and transfer of the estate. The statute subjects the owner in such case to a disability which no means to which he can resort will enable him to avoid or overcome. The homestead to which he becomes entitled is to be continued for the benefit of his family until after his death; and the exemption which is conceded to him being not less for their benefit than his own, can be waived, released or discharged only in the manner expressly provided and prescribed.

As the deed, so far as it related to the premises, was invalid, the proceedings which took place under the power of sale were necessarily inoperative and without effect. The right of possession to the homestead therefore remains in the demandant, and this action may accordingly be maintained to recover it.

It follows from these considerations that the ruling in the superior court was erroneous, and, in pursuance of the agreement of the parties, judgment must be entered for the demandant; that being the judgment which in the opinion of this court the case requires.