THOMAS DULANTY *vs.* DANIEL PYNCHON & another.

An estate of homestead, acquired under *St.* 1855, *c.* 238, is not affected by Gen. Sts. *c.* 104, § 3; or lost by the temporary removal of the householder with his family therefrom, without acquiring a domicil or homestead elsewhere; or waived by acts recognizing a superior title in another person.

WRIT OF ENTRY to recover a small lot of land with a dwelling-house thereon in Chicopee.

It was agreed that the demandant purchased the demanded premises on the 9th of March 1855, and has ever since occupied the same as a residence for himself and his family, except that in May 1860, having work in Springfield, he removed his family there temporarily, with the intent to return, and in fact returned in May 1861. During his absence, the premises were leased by the demandant. He has never acquired any homestead elsewhere, since March 1855. In February 1861 the tenants attached the premises on a writ against the demandant, and in August following the equity of redemption thereof (the premises having been mortgaged by the demandant) was sold on the execution to the tenants, and a deed thereof executed to them by the sheriff. In September 1861 the tenants' agent went to Chicopee to take possession under the deed, whereupon the

demandant was permitted to remain in possession as tenant, upon a promise to pay rent. Shortly afterwards the tenants recovered possession of the premises under Gen. Sts. c. 137, for non-payment of rent.

Upon these facts, judgment was rendered in the superior court for the tenants; and the demandant appealed to this court.

*J. Wells*, for the demandant.

*M. P. Knowlton*, for the tenants.

BIGELOW, C. J. The right of the demandant to a homestead in the demanded premises was acquired under *St.* 1855, *c.* 238, § 1. When that statute went into operation the estate was owned by him, he was then a householder, and occupied the estate in controversy, which was of less value than eight hundred dollars, as a residence for himself and his family. All the elements, therefore, which were necessary to create a homestead right and to exempt the premises from attachment and levy were combined, so as to vest in the demandant and his family an absolute title to the estate, indefeasible and beyond the reach of legal process after that statute went into operation.

The right thus acquired was not taken away or lost by the repeal of *St.* 1855, *c.* 238, but was expressly saved by the proviso annexed to the repealing clause in *St.* 1857, *c.* 298, § 18. *Clark* v. *Potter*, 13 Gray, 27. Nor is it destroyed by the repeal of the last named statute, which is included among the acts which are expressly repealed by Gen. Sts. *c.* 182. By a previous provision in *c.* 104, § 3, it is enacted that " all existing estates or rights of homestead which have been acquired under any law heretofore in force shall continue to be held and enjoyed notwithstanding the repeal of such law." The right of the demandant in the estate in controversy was an existing estate of homestead at the time the General Statutes went into operation. It was then a legal estate, which had never been abrogated or taken away, although the statute by which it was originally created had been repealed. It was, therefore, within the letter of the provision above cited, which saves and protects all previously existing estates of homestead. Nor can there be

any doubt of the intent of the legislature to recognize and preserve, unaffected by the repeal of any former statutes, all such estates which had accrued or been acquired prior to the enactment of the General Statutes. This is clearly shown by the studious care with which they insert a provision in Gen. Sts. c. 104, § 15, to secure and confirm certain titles and conveyances which would have been valid without any special enactment, if homestead rights acquired under statutes previous to St. 1857, c. 298, had been abrogated or taken away.

The homestead right which the demandant had acquired under St. 1855, c. 238, was not waived or lost by his removal therefrom with his family, under the circumstances set forth in the agreed statement of facts. In the first place, an estate of homestead when once lawfully acquired cannot be released or ost except by deed duly acknowledged and recorded, as in case of conveyances of real estate. Gen. Sts. c. 104, § 8. St. 1857, c. 298, §§ 1, 3 et seq. Connor v. McMurray, 2 Allen, 204. Castle v. Palmer, ante, 404. In the next place, his temporary absence from the estate without acquiring a domicil or homestead elsewhere, and intending to return thither as soon as a special object was accomplished, did not operate to defeat or impair his right. The demanded premises never ceased to be the residence and homestead of the demandant and his family.

*Judgment for the demandant.*