ALMIRA L. LAZELL *vs.* WILLIAM H. LAZELL.

A right of homestead, acquired under *St.* 1855, *c.* 238, is not lost by a removal of the house-holder with his family therefrom into another house owned by him, if it does not appear that he intended permanently to abandon the estate from which he removed.

An estate of homestead may exist, under *St.* 1855, *c.* 238, in a country hotel.

The probate court has no jurisdiction to set out an estate of homestead, if the right to it is disputed by the heirs or devisees.

PETITION filed in the probate court by the widow of Joseph Lazell, to have an estate of homestead set out to her. The case came up upon an agreed statement of the following facts filed in that court:

The petitioner and her husband lived together in a house in Chester, which, with considerable land adjoining, he owned and carried on as a hotel from a period several years prior to 1855 down to the spring of 1863, when, having become too infirm to have the care of a hotel, he relinquished the business to a son by a former marriage, and removed with the petitioner to another house owned by him in Chester, in which they lived until his death, on the 27th of November 1863, and she has lived there ever since. He never acquired any homestead of record. The petitioner had no children by him. The petitioner did not contend that she was constrained by her husband to remove from the premises claimed as a homestead.

*J. Wells,* for the petitioner, cited *Doyle* v. *Coburn,* 6 Allen, 71; *Dulanty* v. *Pynchon,* Ib. 510, and cases cited.

*W. G. Bates & E. H. Lathrop,* for the respondent, cited, in addition to the above cases, *Drury* v. *Bachelder,* 11 Gray, 214; *Thurston* v. *Maddocks,* 6 Allen, 427.

DEWEY, J.  Looking at the facts stated in the present case, we are of opinion that the petitioner was entitled to the homestead claimed by her, and this, independently of the question whether under our present statutes a right of homestead can be lost by an abandonment of the same.  The mere fact of cessation to occupy for a time is not an abandonment. Nothing short of a voluntary abandonment of an unequivocal character, and so understood by all the parties in interest, would divest the estate of a homestead interest charged thereon, if such defence can avail at all.  Here was no sale of the premises by the husband, and the husband and wife had, for aught that appears, only temporarily gone to another house of the husband in the same village, in consequence of his infirm health, leaving this place in charge of his son, and this absence from the old homestead was only for the period of a few months before the death of the husband occurred.  There is nothing to show that, in case of improved health, or whenever his convenience required it, he was not to return, or that in case of his death his wife did not purpose so to do.  In the case of *Drury* v. *Bachelder*, 11 Gray, 214, there had been a temporary leaving of the house as the present residence of the husband and wife ; and in *Dulanty* v. *Pynchon*, 6 Allen, 510, there was for a year a change of residence of the parties, and a lease of the premises for that period to another person, but with the intent to return, and this was held no abandonment.  These and other reported cases indicate strongly the views of this court to be that if any abandonment can have the effect to defeat an existing homestead, upon which we express no opinion, it must be full and complete, and under circumstances that leave no doubt that such was the intention of all parties interested in the homestead right, and that they had a settled purpose not to return to the same as a place of residence.

As to the objection that a hotel is not a species of property which is embraced in the statute providing for homestead exemptions, if such objection could be taken as to a structure exclusively devoted to public entertainment, and of the character of those existing in our cities, it does not apply to hotels in

country villages, attached to small farms or several acres of land, where the family residence is as much fixed and as perfectly enjoyed as in dwelling-houses occupied by private families.

The only doubt as to the disposition of the case arises upon a question not raised by the parties, whether this case is properly before us. It comes here to be considered upon an agreed statement of facts filed in the probate office, on behalf of the petitioner on one side, and the devisee of the estate on the other. If this right of homestead on the part of the petitioner was disputed by the devisee before the probate court, that court was thereby ousted of its jurisdiction, and the petitioner must have recourse to other tribunals to enforce her claim, as we have recently held in the case of *Woodward* v. *Lincoln*, decided in Bristol, in October.

The case having been presented to the court solely upon the question of the petitioner's right to a homestead upon the facts stated and agreed by the parties, we have declared our views upon the question thus presented; but it is proper to add that the probate court had no further jurisdiction in the matter, if the granting of the petition was opposed by the devisee. And for this cause no further proceedings can be had upon this petition, but the petitioner must enforce her claim to a homestead by other proceedings.