**In re Brenda TAYLOR, Debtor.**

**No. 01–17513–WCH.**

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

June 3, 2002.

Richard J. Boudreau of Mitchell & Chenelle, P.C., Andover, MA, for the Debtor.

Lawrence E. O'Brien, Jr. of Ganick, O'Brien & Sarin, Dorchester, MA, for First American Savings Bank.

### DECISION REGARDING DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

WILLIAM C. HILLMAN, Chief Judge.

*I. Introduction*

Brenda Taylor (the "Debtor") filed "Debtor's Motion to Avoid Judicial Lien (110 Oldham Street, Pembroke, Massachusetts)" (the "Motion") pursuant to 11 U.S.C. § 522(f) on the grounds that lien impairs the exemption which she claimed under Mass. Gen. Laws ch. 188, § 1. 1st American Bank for Savings (the "Credi-

tor") filed an objection in which it claims that the Debtor is not entitled to claim a homestead under the Massachusetts statute because she is no longer residing at 110 Oldham Street, Pembroke, Massachusetts (the "Property"). I held a hearing and took the matter under advisement. The following constitutes my findings of fact and conclusions of law.

## II. Background

The Debtor filed for relief on September 26, 2001 (the "Petition Date"). On the cover sheet of the petition, the Debtor listed her street address as 28 Paradise Drive Norwell, Massachusetts. On Schedule A, the Debtor listed an interest in the Property and represented that her interest in the Property is $185,000. In Schedule C, the Debtor listed the fair market value of the Property as $185,000.

In the Motion, the Debtor explains that the Creditor has an attachment on the Property in the amount of $24,075.94. In applying the formula set forth in 11 U.S.C. § 522(f), the Debtor represents that the lien ($24,075.94) plus all other liens ($97,-984.51) plus the claimed exemption ($300,-000) exceeds the value of her interest ($185,000) in the absence of any liens. Therefore, she argues that she is entitled to have the lien avoided.

The Debtor attached to the Motion her Transfer Certificate of Title for the Property. That title reflects that the Debtor owns the Property with Gordon C. Taylor as tenants by the entirety. She also attached the Declaration of Homestead for the Property which Gordon C. Taylor signed in June of 2001. The Creditor filed an objection in which it argues that the Debtor is not entitled to homestead protec-

tion because she does not reside at the Property.[1]

I held a hearing on the Motion and objection. At that hearing, counsel to the Debtor stated that the Debtor does not live at the Property presently but could not describe her past occupation of the Property. Counsel for the Creditor argued that she is not entitled to the homestead protection because the statute contemplates occupation of the homestead in order to receive the benefits. He argued that if the declarant would lose the homestead were he to move then the Debtor should not be afforded greater rights after her move. I continued the hearing in order to receive evidence regarding the location of the Debtor's primary residence and her history with respect to her occupation of the Property.

At the continued hearing, the Debtor testified that she lives with her father and not at the Property. She explained that she lived at the Property from 1987 until 1992. During that time she did spend some time away from the Property due to marital problems. After 1992, she would go back and forth to the Property from her apartment in Boston every week. In October of 1994, the Debtor moved to New York City and opened a business in January in 1995. During that time she would go to the Property on weekends. She moved to her father's home in January of 2001. She explained that she and Gordon C. Taylor are married.

The Creditor filed a post-hearing brief in which it offered that it had not found any cases which were on point. It did, however, argue that to adopt the Debtor's argument would be fundamentally unfair because it would allow the Debtor to purchase a property and file a declaration of

---

1. The chapter 7 trustee did not file an objection to the Debtor's claimed homestead exemption.

homestead on that property thereby giving the Debtor the benefit of two homesteads. Further, the Creditor reiterated that under the Debtor's argument the Debtor would receive a benefit that her husband could not have. That is, if her husband were to move from the Property, he would no longer be able to have the benefit of the homestead. In her post-trial brief, the Debtor argued that under the plain language of the statute and applicable case law, she is entitled to an exemption in the Property under Massachusetts law and therefore meets the requirements to have the Creditor's lien avoided.

*III. Analysis*

■ 11 U.S.C. § 522(f) provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(A) a judicial lien . . . ." Fed. R. Bankr.P. 4003(c) provides that "the objecting party has the burden of proving that the exemptions are not properly claimed."

Mass. Gen. Laws Ch. 188, § 1 provides in applicable part as follows:

An estate of homestead to the extent of $300,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premises by lease or otherwise and who occupy or intend to occupy said home as a principal residence. . . .

For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety, or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate of homestead may

be acquired on only one principal residence for the benefit of the family. For the purposes of this chapter, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner.

The Supreme Judicial Court has given the following guidance with respect to the foregoing statute:

Homestead laws are based on a public policy which recognizes the value of securing to householders a home for the family regardless of the householder's financial condition. 'The preservation of the home is of paramount importance because there the family may be sheltered and preserved.' . . . 'Public policy dictates that exemption laws, such as homestead provisions, should be liberally construed to comport with their beneficent spirit or protecting the family home.' . . .

The obvious legislative purpose of G.L. c. 188, § 1, is to protect the home from the claims of creditors for the benefit of the homestead declarant and his or her family. We conclude that, in light of the public policy and the purpose of the statute, the State homestead exemption should be construed liberally in favor of the debtors.

*Dwyer v. Cempellin*, 424 Mass. 26, 29–30, 673 N.E.2d 863, 866 (1996).

I do not understand the Creditor to be objecting to validity of the declaration. Rather the Creditor is objecting on the grounds that the Debtor has abandoned the homestead and should no longer be able to avail herself of the benefits of such an exemption.

Mass. Gen. Laws ch. 188 provides three methods for terminating an estate of homestead. Section 7 provides for terminating a homestead by a deed conveying

the subject property without reserving the estate or by recording a release of homestead. Section 2 provides that a new estate of homestead defeats a prior estate. Whether an estate of homestead can be terminated by an act of abandonment is subject to dispute. *See Silloway v. Brown*, 94 Mass. (12 Allen) 30, 33 (1866) ("but if any acts of abandonment, short of acquiring a new homestead, will defeat a homestead estate, they must be such as afford unequivocal evidence of an intent to abandon it."); *Drury v. Bachelder*, 77 Mass. (11 Gray) 214, 216 (1858) ("That a homestead right or exemption may be lost is obvious. Such would be the effect of acquiring a new homestead by a change of place of residence, or by other acts of abandonment of an unequivocal character by all parties interested in its continuance."). *But see In re Webber*, 278 B.R. 294, 298 (Bankr.D.Mass.2002) ("Therefore, by specifying three methods of termination, all three requiring a writing, the Massachusetts legislature likely meant to preclude termination by simple abandonment."); *Woodbury v. Luddy*, 96 Mass. (14 Allen) 1, 5 (1867) ("But the decisions which have been made upon another part of the statute seem to us conclusive, and to establish by authority the construction, that no abandonment of the premises to which the homestead exemption has once attached

will be sufficient to terminate it, until a new homestead is acquired elsewhere.").

After I took this matter under advisement, Judge Kenner issued a decision in which she considered the merits of a Chapter 7 trustee's objection to a declarant's claim of homestead on the grounds that the declarant but not his wife and children had left the homestead property. *In re Webber*, 278 B.R. 294 (Bankr.D.Mass. 2002). She overruled the objection for five reasons.

First she concluded that because the statute lists three methods for termination, all of which contemplate a writing, the legislature likely did not intend to permit termination by abandonment. *Id.* at 297–98. Second, she ruled that the language referring to occupancy or intent to occupy referred to when the homestead was acquired and did not apply for the duration of the homestead.[2] *Id.* at 298. Third, because a homestead benefits a family, occupancy by some of the family should be sufficient to satisfy the requirement. *Id.* at 299. Fourth, she pointed to subsection 7 of the statute which provides that a spouse must join in the release or deed by which a homestead is terminated. *Id.* at 299.[3] She explained that if one spouse could terminate the homestead by abandonment, he or she would accomplish that which the stat-

---

**2.** I note that subsection 4 of Mass. Gen. Laws ch. 188 supports Judge Kenner's conclusion because this separate section of the statute conversely contemplates and requires some continuing occupation. The statute provides, in part, as follows

> The estate of homestead existing at the death of a person holding a homestead shall continue for the benefit of the surviving spouse and minor children and shall be held and enjoyed by them, if one of them or a purchaser under section eight occupies the premises, until the youngest unmarried child is eighteen and until the marriage or death of the spouse; ...

**3.** In interpreting what appears to be a similar provision in an earlier version of the statute, the Supreme Judicial Court ruled that where the homestead declarant had vacated the premises and the spouse had vacated the property but returned to it frequently to maintain it, the declarant could not deed the property to another because the spouse continued to reap the benefit of the homestead. *Drury v. Bachelder*, 77 Mass. (11 Gray) 214, 217 (1858) ("the statute was designed to protect the wife against the acts of the husband, as well as of his creditors, and upon the facts proved, the deed to the plaintiff was ineffectual as against the wife and her right to occupy the premises as a homestead.").

ute prohibits.[4] Lastly, she commented that the probate provisions set forth in subsection 3 of Mass. Gen. Law ch. 188 would be rendered meaningless under the trustee's argument. *Id.* at 299.

In her conclusion, Judge Kenner wrote: For these reasons, I conclude that either (1) the continuing validity of a Massachusetts estate of homestead is not contingent on the holder's continued occupancy or intent to occupy or (2) if the validity of such an estate requires continuing occupancy or intent to occupy as a principal residence, the requirement is satisfied if the holder's spouse and minor children continue to occupy the premises as their principal residence.

*Id.* at 299.

■■■ This case presents the converse of the facts in Judge Kenner's case. Here, the spouse of the declarant is not presently living at the homestead with the declarant but remains legally married to him. Section 1 of the statute defines family, in part, as a husband and wife. As set forth above, the Supreme Judicial Court has ruled that the homestead statute should be liberally construed and that it is designed to benefit the family. As a result, I have previously ruled that a spouse can claim an exemption an estate of homestead filed by the other spouse under Mass. Gen. Laws ch. 188 § 1. *In re Ballirano,* 233 B.R. 11, 14 (Bankr.D.Mass.1999). In this case, there is no attack on the continuing validity of Gordon C. Taylor's homestead and no question that the Debtor is his wife. Therefore, under the language of Mass. Gen. Laws ch. 188, § 1 and the applicable case law, the Debtor is entitled to her claimed homestead exemption.

Moreover, even if a claim of homestead can be terminated by abandonment, an issue which I decline to consider at this time, the facts in this case would not warrant such a finding. As explained above, in order to conclude that a homestead was abandoned, the evidence would have to be clear and convincing. *Silloway v. Brown,* 94 Mass. at 33. For example, the Supreme Judicial Court declined to find abandonment in a case decided under that subsection of the homestead statute which provides a right of homestead for a widow and children so long as one of the two occupies the same, Mass. Gen. Laws ch. 188, § 4, because the widow's use of one of the rooms for storage satisfied the requirement of continuing to occupy. *Brettun v. Fox,* 100 Mass. 234 (1868). The only facts established during the evidentiary hearing were that the Debtor is living with her father because of marital difficulties and that she and Gordon C. Taylor are still married. From this information, I cannot conclude that the Debtor clearly and unequivocally abandoned the Property.

The Creditor argued that it would be unfair to allow the Debtor to claim the homestead exemption because she could purchase a property and file a declaration of homestead on that property thereby giving the Debtor the benefit of two homesteads. The language of § 1, " an estate of homestead may be acquired on only one principal residence for the benefit of a family" and the termination provision contained in the last sentence of § 2 precludes that possibility. The Creditor's second argument, that the Debtor receives a benefit that her husband could not if he were to move from the Property and the Debtor

---

4. The Supreme Judicial Court made this point in *Drury v. Bachelder,* 77 Mass. (11 Gray) 214, 216 (1858) ("If such were the effect, then the provision so directly stated in the statute, that 'no conveyance by the husband of any proper-

ty exempted as aforesaid shall be valid in law unless the wife join in the deed of conveyance,' would be rendered entirely nugatory at the will of the husband.").

stayed, appears to violate the spirit if not letter of the statute and cases such as *In re Ballirano* and *In re Webber*.

## IV. Conclusion

Because the Debtor meets the requirements of the homestead statute and would not meet the conditions for a finding of abandonment, the Creditor has not sustained its burden for objecting to the Debtor's claim of exemption. There being no other objection to the Motion, I will enter a separate order granting the Motion.