Joseph PERRY, Debtor.

Stephen E. Shamban, Chapter
7 Trustee, Appellant,

v.

Joseph Perry, Appellee.

BAP No. MB 06–007.
Bankruptcy No. 05–22435–WCH.

United States Bankruptcy Appellate Panel
for the First Circuit.

Oct. 4, 2006.

Ann Brennan, Boston, MA, on brief for Appellant.

Heather J. Lynham, Fairhaven, MA, on brief for Appellee.

Before LAMOUTTE, CARLO and KORNREICH, United States Bankruptcy Appellate Panel Judges.

PER CURIAM.

Stephen E. Shamban, Chapter 7 Trustee (the "Trustee"), appeals from the bankruptcy court's February 24, 2006, order overruling his objection to the Debtor's claim of homestead exemption in real property under Mass. Gen. Laws ch. 188, § 1. The issue on appeal is whether a declaration of homestead which is recorded simultaneously with the filing of a voluntary bankruptcy petition is valid under Massachusetts state law. For the following reasons, the bankruptcy court's decision is AFFIRMED.

## BACKGROUND

This case presents a highly unusual fact pattern. Joseph Perry (the "Debtor") owns real estate located at 71 Russell Street, New Bedford, Massachusetts ("Property"). According to the time-stamp on the document, the Debtor recorded a declaration of homestead with respect to the Property at the Bristol County Registry of Deeds on October 14, 2005 at 12:51 p.m.

On that same day, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.[1] According to the Notice of Bankruptcy Case Filing, the bankruptcy case was entered at 12:51 p.m., the exact minute that the declaration of homestead was recorded. In his Schedules, the Debtor claimed a $180,000 exemption in

---

1. All references to the "Bankruptcy Code" or the "Code" are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. § 101, *et seq.*

the Property under Mass. Gen. Laws ch. 188, § 1.

The Trustee objected to the Debtor's claimed exemption, arguing that because the declaration of homestead and the bankruptcy case were filed simultaneously, the Debtor failed to record the homestead *before* the order for relief was entered and, therefore, the homestead was invalid. The Debtor filed a response and an affidavit of Tara M. George, arguing that despite the time-stamps, the Debtor's petition was not electronically filed until *after* the declaration of homestead had been recorded at the Bristol County Registry of Deeds.

After a non-evidentiary hearing on February 24, 2006, the bankruptcy court entered an order overruling the Trustee's objection. This appeal followed.

### *JURISDICTION*

■■■ A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). An interlocutory order "'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" *Id.* (quoting *In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998). Generally,

an order granting or denying a debtor's claimed exemptions is a final order. *See Fiffy v. Nickless (In re Fiffy)*, 293 B.R. 550, 553 (1st Cir. BAP 2003); *Howe v. Richardson (In re Howe)*, 232 B.R. 534, 535 (1st Cir. BAP 1999) ("Although other issues may remain for resolution in a case after the determination of the Debtor's claimed exemptions, orders granting or denying exemptions are appealable as final orders."), *aff'd*, 193 F.3d 60 (1st Cir.1999).

### *STANDARD OF REVIEW*

■■■ Appellate courts reviewing an appeal from the bankruptcy court generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *See T I Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719–20 n. 8 (1st Cir. 1994). Generally, a debtor's entitlement to a bankruptcy exemption involves a legal question and is reviewed *de novo*, except where facts are in dispute. *See Howe*, 232 B.R. at 535 (*de novo* review of bankruptcy court's order sustaining objections to debtor's exemptions where no factual issues were disputed on appeal). Although the Debtor initially argued that, despite the time-stamps on the documents, the bankruptcy petition was not filed until after the declaration of homestead was recorded, his counsel conceded at oral argument that the homestead was recorded simultaneously with the filing of the bankruptcy petition. Therefore, the facts in this case are not in dispute, and our scope of review is *de novo*.

### *DISCUSSION*

■■■ Section 522 of the Bankruptcy Code allows a debtor to exempt certain property from the bankruptcy estate that would otherwise be available for distribu-

tion to creditors, and § 522(b) allows debtors to choose between the federal bankruptcy exemptions listed in § 522(d), or the exemptions provided by their state of residence together with those provided by federal, nonbankruptcy law. *See* 11 U.S.C. § 522. If a state has "opted out" of the federal exemption scheme, its resident debtors are restricted to the latter option. Massachusetts permits its debtors to elect between the state and federal exemption alternatives, and in this case, the Debtor chose the state exemption scheme and claimed the Massachusetts statutory homestead exemption under Mass. Gen. Laws ch. 188, § 1.[2] An exemption claim is prima facie valid, absent a timely objection. *See McNeilly v. Geremia (In re McNeilly)*, 249 B.R. 576, 579 (1st Cir. BAP 2000). As the objecting party, the Trustee had the burden of proving that the Debtor was not entitled to the claimed exemption. *See* Fed. R. Bankr.P. 4003(c).[3] Whether a debtor has a valid declaration of homestead on real property as of the bankruptcy filing is governed by Massachusetts law. *See Fiffy*, 293 B.R. at 554; *see also Dwyer v. Cempellin*, 189 B.R. 230, 232–33 (D.Mass.1995).

■■ Because homestead laws are designed to benefit the homestead declarant and his or her family by protecting the family residence from the claims of creditors, the Massachusetts Supreme Judicial Court has ruled that homestead exemptions are to be liberally construed in favor of debtors. *See Dwyer v. Cempellin*, 424 Mass. 26, 673 N.E.2d 863, 866 (1996) (answering certified question from the Massachusetts District Court regarding validity of homestead exemption under Massachusetts law); *see also Shamban v. Masidlover*, 429 Mass. 50, 705 N.E.2d 1136, 1138 (1999). However, despite the liberal construction rule, a declarant must comply with the explicit statutory filing requirements in order to obtain an estate of homestead. *See Masidlover*, 705 N.E.2d at 1138.

■ Section 2 of Chapter 188 states how an estate of homestead can be acquired:

> To acquire an estate of homestead in real property, the fact that it is designed to be held as such shall be set forth in the deed of conveyance by which the property is acquired; or, after the title has been acquired, such design may be declared by a writing duly signed, sealed and acknowledged and recorded in the registry of deeds for the county or district in which the property is situated.

Mass. Gen. Laws ch. 188, § 2. Accordingly, under the explicit requirements of the Massachusetts law statute, the owner of property does not have the right to claim a homestead exemption until the declaration is recorded. *See id.*

■ There is no dispute that, absent the bankruptcy filing, the Debtor's declaration of homestead fully complied with the express statutory requirements for ac-

---

**2.** Section 1 of Chapter 188 provides:

> An estate of homestead to the extent of $500,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies....

Mass. Gen. Laws ch. 188, § 1.

**3.** Bankruptcy Rule 4003 provides:

> Burden of Proof. In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

quiring a valid estate of homestead when it was recorded. Therefore, the question before this Panel is whether, under Massachusetts law, a declaration of homestead filed simultaneously with the filing of a voluntary bankruptcy petition is valid. As this fact pattern is highly unusual, there is no Massachusetts case law addressing this specific question. The Panel is nevertheless required to determine how the Massachusetts state courts would rule if presented with the same question. *See In re Tardugno,* 262 B.R. 168 (Bankr.D.Mass. 2001); *In re Miller,* 113 B.R. 98, 101 (Bankr.D.Mass.1990) ("[A] Bankruptcy Court ruling on an issue of state law must rule as it believes the highest court of the state would rule. When the highest court has not addressed the issue, the Bankruptcy Court should not regard lower court rulings on the issue as dispositive. Rather, it should attempt to predict what the highest court would do and to that end should accord proper regard to decisions of other courts of the state.").

 Under Massachusetts law, a debtor cannot create a valid bankruptcy homestead exemption *after* the entry of an order for relief in a bankruptcy case. *See White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924); *see also Masidlover,* 705 N.E.2d at 1138 (holding that bankruptcy debtor is not entitled to a homestead exemption where the declaration is not filed with the registry until after the debtor files for bankruptcy relief). In *White v. Stump,* the Supreme Court concluded that a debtor can claim a right to an exemption up to the time when the property passes out of the debtor's control. *White v. Stump,* 266 U.S. at 313, 45 S.Ct. 103. Because a debtor loses control over his property when the order for relief enters, that must be the point of time at which the extent of an exemption is decided. *See id.* Simply put, a debtor has no property in-

terest to convey after entry of an order of relief and, accordingly, a declaration of homestead recorded after entry of an order of relief is invalid. Both parties rely on *White v. Stump* to support their positions in this case. Although *White v. Stump* is instructive, it clearly does not address the unusual circumstance of simultaneous filings.

According to the time-stamps on the documents, the Debtor's homestead was recorded at 12:51 p.m. on October 14, 2005, which was the exact minute that the Debtor's petition was electronically filed with the bankruptcy court. As it is impossible to ascertain what second the documents were filed, the parties agree that the documents were simultaneously filed, with the homestead filed neither before nor after the filing of the bankruptcy petition. The Trustee argues that because the declaration of homestead was filed at the same time and not *before* the bankruptcy, it is invalid. The Debtor argues that the Panel should liberally construe the homestead exemption laws in his favor and conclude that because the declaration was not filed *after* the bankruptcy, it attached to the property as a valid homestead.

 Recent cases support the Debtor's position. In *Dwyer v. Cempellin,* the Massachusetts Supreme Judicial Court stated that " 'public policy dictates that exemption laws, such as homestead provisions, should be liberally construed to comport with their beneficent spirit of protecting the family home.' " 673 N.E.2d at 866. The court in *Masidlover* also reiterated public policy considerations, stating:

Homestead laws are designed to benefit the homestead declarant and his or her family by protecting the family residence from the claims of creditors. Homestead laws are based on public policy that favors preservation of the family home regardless of the householder's fi-

nancial condition. Furthermore, homestead laws tend to prevent debtors and their families from becoming public charges. In light of the public policy and the purpose of the statutes, this court has construed the State homestead exemptions liberally in favor of debtors. This approach is in keeping with authority in other jurisdictions.

705 N.E.2d at 1138 (citations omitted). This state-law rule of construction must be followed by federal courts construing state-law homestead exemptions. *See Goldman v. Salisbury (In re Goldman)*, 70 F.3d 1028, 1029 (9th Cir.1995). Generally, federal courts must construe all exemption statutes liberally, in the debtor's favor, "to reflect their remedial purposes." *Caron v. Farmington Nat'l Bank (In re Caron)*, 82 F.3d 7, 10 (1st Cir.1996).

In keeping with the notion that the legislative purpose of the Massachusetts homestead statute is to protect the family home from the claims of creditors, and in light of the precedent of liberally construing homestead laws in favor of debtors, we believe the Massachusetts state courts would consider a declaration of homestead which fully complies with the express statutory requirements for acquiring a valid homestead exemption under Mass. Gen. Laws ch. 188, § 1,[4] and which is recorded simultaneously with a bankruptcy petition, to be valid.

## CONCLUSION

For the reasons set forth above, the bankruptcy court's order overruling the Trustee's objection to the Debtor's claim of homestead exemption in real property un-

der Mass. Gen. Laws ch. 188, § 1, is **AFFIRMED.**

---

4. Because the Debtor meets the statutory requirements of § 1, we will not run afoul of the legislature's explicit language requiring strict compliance by applying the general presumption of construing the homestead exemption in the Debtor's favor.