**In re John L. COCKE and Judy D. Cocke, Debtors.**

**No. 04–11801–GLP.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 11, 2007.

William B. Johnson, Jessup, GA, for Debtors.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

Upon the evidence presented at the hearing on Trustee's Objection to Debtors' Claim of Homestead Exemption, the Court entered Findings of Fact and Conclusions of Law on November 29, 2005. On appeal, the United States District Court for the Middle District of Florida, Jacksonville Division, reversed and remanded this Court's Findings of Fact and Conclusions of Law for further review. After a hearing held on May 8, 2007, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On November 22, 2004, John L. Cocke and Judy D. Cocke ("Debtors") filed for Chapter 7 relief under the Bankruptcy Code. (Ex. 2).

2. On Schedule A of their bankruptcy petition, Debtors listed an interest in real property located at 6652 Cabello Drive, Jacksonville, Florida, 32226 (the "Real Property"). (Ex. 3).

3. On Schedule C, Debtors indicated that the Real Property was "held in Trust No. 17296 (the 'Trust')," and claimed it as exempt pursuant to Florida's Homestead Exemption, found in Article X, Section 4 of the Florida Constitution.[1] (Ex. 3).

4. The Trust appointed Judy D. Cocke, as trustee, and named the Debtors and their minor granddaughter (Kathryn L. Cocke) as the grantors and beneficiaries.[2] (Ex. 5 at p. 1, 14). The language of the Trust grants the Debtors, as beneficiaries, the same rights as anyone else with fee simple title to property, including the right to exclude others, and the right to alienate the Real Property. (Ex. 5; Tr. 20). However, the Trust prohibits the beneficiaries from dividing the Real Property amongst themselves. (Ex. 5 at p. 2).

5. On January 18, 2005, the Chapter 7 Trustee, Alexander G. Smith ("Trustee"), filed an objection to Debtors' claim of homestead exemption in the Real Property. Trustee alleged that the Debtors did not own the Real Property and therefore were not entitled to claim it as exempt. (Ex. 4).

6. The Trust provides that, "[t]he interests of the Beneficiaries shall consist of the following rights respecting the Trust Property:

a. The right to direct the Trustee [Judy D. Cocke] to convey or otherwise deal with the title to the Trust Property hereinafter set out.

---

1. Paragraph twenty-one (21) of the Trust provides that it is governed by Florida law. (Ex. 5 at p. 9).

2. Mr. Cocke testified that his granddaughter is a minor and that he and his wife are her court-appointed legal guardians. (Tr. 7–8, 16, 22). Debtors list their granddaughter as a dependent on Schedule I. (Ex. 3).

b. The right to manage and control the Trust Property.

c. The right to receive the proceeds and avails from the rental, sale, mortgage, or other disposition of the Trust Property."

(Ex. 5 at p. 1–2).

7. The Trust further provides that the beneficiaries' rights, listed above,

shall be deemed to be personal property and may be assigned and otherwise transferred as such. No beneficiary shall have any legal or equitable right, title or interest, as realty, in or to any real estate held in trust under this agreement, or the right to require partition of that real estate, but shall have only the rights as personalty, set forth above . . .

(Ex. 5 at p. 2).

8. On November 29, 2005, the Court entered an Order Sustaining Trustee's Objection to Debtors' Claim of Homestead Exemption in the Real Property. In its order the Court found that based upon the express language of the trust, the Debtors and their granddaughter did not own any beneficial or equitable interest in the Real Property. Accordingly, the Court held that the Debtors could not claim the Real Property as exempt, pursuant to Florida's Homestead Exemption.

9. On December 9, 2005, Debtors appealed this Court's order to the United States District Court for the Middle District of Florida, Jacksonville Division (the "District Court").

10. On March 14, 2007, the District Court entered an order reversing and remanding this Court's holding. Specifically, the District Court instructed that:

[o]n remand, in deciding whether the Debtors' interest in the [Real] [P]roperty is qualified as exempt homestead, [this] [C]ourt should determine whether:

(1) the Debtors have a legal or equitable interest which gives [them] the legal right to use and possess the [Real] [P]roperty as a residence; (2) the Debtors have the intention to make the [Real] [P]roperty their homestead; and (3) the Debtors actually maintain the [Real] [P]roperty as their principal residence.

(District Court Order p. 8).

11. The parties agree that the Debtors satisfy the second and third factors listed above; thus, only the first factor, legal or equitable interest, is at-issue.

12. The District Court specifically stated that, the first factor, legal or equitable interest, may be satisfied "if the Debtors were the [grantors] and the [T]rust is revocable." (District Court Order p. 9). The District Court further opined that if the Debtors retained the right to revoke the Trust, "then that interest alone may be a sufficient interest to satisfy the requirement that Debtors have an equitable or legal interest in the [Real] [P]roperty." (District Court Order p. 9–10).

13. Paragraph twenty-five (25) of the Trust states that it "may be terminated at any time by the Beneficiaries and with thirty (30) days written notice of termination delivered to the Trustee [Judy D. Cocke]." (Ex. 5 at p. 9–10).

14. At the hearing this Court held on May 8, 2007, Mr. Cocke testified that the Debtors: (i) do not own another residence; (ii) have continuously resided on the Real Property with their granddaughter since 2003; and (iii) do not intend on vacating the Real Property in the future. (Tr. 12, 17).

### CONCLUSIONS OF LAW

■ The issue before the Court for its determination is whether Debtors may claim the Real Property as exempt, pursu-

ant to Florida's Homestead Exemption, located in Article X, Section 4 of the Florida Constitution. In making this determination, the Court notes that, "Florida courts have consistently emphasized that the homestead exemption is to be liberally construed in the interest of protecting the family home against the claims of creditors." *Engelke v. Estate of Engelke,* 921 So.2d 693, 695 (Fla. 4th DCA 2006) (citing *Havoco of Am., Ltd. v. Hill,* 790 So.2d 1018, 1020 (Fla.2001)).

In its order that reversed and remanded this Court's prior holding, the District Court instructed this Court to determine whether:

(1) the Debtors have a legal or equitable interest which gives [them] the legal right to use and possess the [Real] [P]roperty as a residence;

(2) the Debtors have the intention to make the [Real] [P]roperty their homestead; and

(3) the Debtors actually maintain the [Real] [P]roperty as their principal residence.

(District Court Order p. 8).

■ As the Trustee does not dispute that the Debtors satisfy factors two (2) and three (3), the sole issue before the Court for its determination is whether the first factor is met. In its holding, the District Court noted that the first factor, legal or equitable interest, may be satisfied if the Court determines that "the Debtors were the [grantors] and the [T]rust is revocable." (District Court Order p. 9). Further, the Court notes that if the Trust is determined to be revocable, the *Engelke* decision will control the disposition of the first element. (*See* District Court Order p. 9); *Engelke,* 921 So.2d at 695–696. In *Engelke,* the court found that:

because [decedent] retained a right of revocation, he was free to revoke the trust at any point in time. Accordingly,

he maintained an ownership interest in his residence, even though a revocable trust held title to the property. We therefore conclude that [decedent's] interest in his residence as beneficiary of his own revocable trust would entitle him to constitutional homestead protections.

921 So.2d at 696 (citing *Bessemer Props. v. Gamble,* 158 Fla. 38, 27 So.2d 832, 833 (1946)) (stating that a "one half interest, the right of possession, or any beneficial interest in land gave the claimant a right to exempt it as his homestead"). In essence, the *Engelke* court treated the right to revoke as an interest in the property, sufficient to allow a debtor to claim the property as exempt. *Id.* Accordingly, if Debtors retained the right to revoke the Trust, then that interest alone may be sufficient to satisfy the requirement that Debtors have an equitable or legal interest in the Real [P]roperty. (*See* District Court Order p. 9–10).

■ Trustee's principal argument is that, as the Debtors are not the sole grantors and beneficiaries of the Trust, they *alone* do not possess the power to revoke it; therefore, he contends that they do not have a sufficient legal or equitable interest in the Real Property. Specifically, the Trustee references paragraph twenty-five (25) of the Trust, which states that it may be terminated at any time by the "Beneficiaries." (Ex. 5 at p. 9). As paragraph twenty-five (25) of the Trust uses the term "Beneficiaries," it is the Trustee's contention that, as a designated beneficiary, the Debtors' minor granddaughter must also consent to revocation of the trust. (Ex. 5 at p. 9–10, 14). Trustee reasons that, although Debtors are the legal guardians of their granddaughter, pursuant to Florida Statutes §§ 744.441 and 744.444, they do not have the authority to make a decision on her behalf, regarding revocation of the

Trust, without first petitioning a court to grant them that right.[3]

Conversely, Debtors argue that, in addition to being the grantors of the Trust, which is revocable pursuant to paragraph twenty-five (25), they also possess fee simple title. Debtors point out that they have the right to use the Real Property, exclude others from the Real Property, and alienate the Real Property. (Ex. 5; Tr. 15, 20). Thus, Debtors maintain that they enjoy all rights to the Real Property (except the right to divide it amongst themselves). Accordingly, Debtors argue that they have a legal or equitable interest which gives them the legal right to use and possess the Real Property, thereby permitting them to claim it exempt as their homestead.

Based upon the District Court's reasoning, the Court finds that if the Debtors were the grantors of the Trust, and retained the right to revoke it, then that interest alone may be enough to satisfy the first factor, legal or equitable interest. Besides the fact that the Trustee bases his entire argument on what amounts to a legal technicality, there is no valid support to be found in the *Engelke* decision that would sway this Court to impose the harsh result that he seeks. Denying the Debtors' claim for constitutional homestead protection on the Real Property, merely because Florida Statutes § 744.441 provides that Debtors would need to petition a court for the authority to act on behalf of their minor granddaughter, would produce neither a logical or equitable result, and could also open Pandora's box regarding public policy concerns. Thus, the Court will not limit the *Engelke* decision by adding the caveat(s) argued by the Trustee. Accordingly, the Court finds that Debtors, as beneficiaries (and grantors) of the Trust, have maintained the right to revoke their interest in the Trust, thereby satisfying the first factor.

Upon the reasoning set forth, in conjunction with the fact that "Florida courts have consistently emphasized that the homestead exemption is to be *liberally construed*," the Court finds that the Debtors hold a sufficient equitable interest in the Real Property, permitting them to claim it as exempt homestead. *Engelke*, 921 So.2d at 695 (citing *Havoco of Am., Ltd.*, 790 So.2d at 1020).

### CONCLUSION

Based upon the above, Trustee's Objection to Debtors' Claim of Homestead Exemption in the Real Property is Overruled. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

**ORDERED.**

---

3. Florida Statutes, § 744.444 authorizes guardians to take certain actions on behalf of their ward(s) without obtaining prior court approval. Revoking an interest in a trust is not one of the 17 actions permitted without leave of court, pursuant to § 744.444. Therefore, in accordance with Florida Statutes, § 744.441 the Debtors would need to obtain court approval before renouncing their granddaughters' interest in the Trust. Section 744.441 lists 22 separate acts that a guardian may take on behalf of their ward(s), after obtaining court approval, including disclaiming any interest by inter vivos transfer. *See* Fla. Stat. § 744.441(20) (2007). As the Debtors' granddaughter obtained her interest in the Trust by inter vivos transfer, § 744.441(20) is applicable.