Sher Zamin KHAN, Debtor.

Sher Zamin Khan, Appellant,

v.

Carolyn Bankowski, Chapter 13 Trustee, Appellee.

BAP No. 07–036.
Bankruptcy No. 06–13878–WCH.

United States Bankruptcy Appellate Panel of the First Circuit.

Sept. 6, 2007.

---

Richard N. Gottlieb, Esq., on brief for Appellant.

Patricia A. Remer, Esq., on brief for Appellee.

Before VAUGHN, CARLO, and DEASY, United States Bankruptcy Appellate Panel Judges.

DEASY, Bankruptcy Judge.

Sher Zamin Khan (the "Debtor") appeals from the May 8, 2007, order of the bankruptcy court sustaining the objection of Carolyn Bankowski, chapter 13 trustee, (the "Trustee") to the Debtor's homestead exemption to the extent the exemption exceeds $125,000.00 (the "Order").[1] The issue presented is whether an interest in property transferred to the Debtor by a trust is considered an interest acquired by the Debtor within the time period set by § 522(p)(1) of the Bankruptcy Code,[2]

thereby resulting in a limitation of the amount of homestead exemption that may be claimed by the Debtor. For the reasons set forth below, the Panel affirms the decision of the bankruptcy court sustaining the Trustee's objection to the amount of homestead exemption available to the Debtor.

## BACKGROUND

There is no material factual dispute between the parties. The Debtor acquired a fee simple interest in certain real estate in Cambridge, Massachusetts (the "Property") in his own name on February 8, 1993. On December 24, 1997, the Debtor conveyed the Property to himself and his brother, as trustees of the Khan Family Trust (the "Trust") under a declaration of trust recorded the same day in the Middlesex South District Registry of Deeds. The Debtor and his brother were also the sole beneficiaries of the Trust. On September 28, 2006, the trustees of the Trust executed and recorded a deed conveying the Property from the Trust to themselves as joint tenants with right of survivorship (the "Deed"). The Debtor also executed and recorded contemporaneously with the Deed a declaration of homestead (the

1. On February 15, 2007, the bankruptcy court held a hearing on the Trustee's Objection to Debtor's Claim of Homestead Exemption and Trustee's Objection to Confirmation of Debtor's Amended Chapter 13 Plan. At the hearing, the court sustained the objection to the plan and sustained the objection to the homestead exemption to the extent the exemption exceeded $125,000.00. The court entered an order sustaining the objection to the plan, but inadvertently failed to enter an order reflecting the oral ruling on the exemption objection.

The Debtor appealed the order sustaining the objection to the plan. The Panel remanded the matter to the bankruptcy court for entry of an order on the objection to the homestead exemption, and ordered the Debtor to file any amendment to his notice of

appeal within 10 days of entry of the bankruptcy court order. The bankruptcy court entered the order on the homestead exemption on May 8, 2007, and the next day the Debtor filed an amended notice of appeal to include the May 8, 2007, order. An order sustaining an objection to plan confirmation is not a final, appealable order. *In re Kibbe*, 361 B.R. 302, 305 (1st Cir. BAP 2007). The scope of this appeal is, therefore, limited to review of the May 8, 2007, order denying the Debtor's homestead exemption to the extent it exceeds $125,000.

2. Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§ " refer to Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8.

**8**

"Declaration") pursuant to the Massachusetts homestead statute. Mass. Gen. Laws ch. 188, §§ 1 and 2 (2007).

On October 26, 2006, twenty-eight days after the Deed was recorded, the Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code (the "Petition Date"). In his amended bankruptcy schedules, the Debtor lists the aggregate value of the Property as $484,000.00 and scheduled no liens against the Property. In Massachusetts, a debtor in a federal bankruptcy proceeding may elect to claim exemptions under the provisions of the Bankruptcy Code or under applicable non-bankruptcy law. *See* § 522(b)(1). The Debtor elected to claim exemptions under applicable nonbankruptcy law pursuant to § 522(b)(3) of the Bankruptcy Code. The Trustee timely filed an objection to the Debtor's homestead exemption claim. The Trustee does not dispute the validity of the Debtor's claim to a homestead exemption under Massachusetts law, but does seek to impose the $125,000.00 limitation under § 522(p)(1) of the Bankruptcy Code.

The record on appeal reflects that the Debtor proposed a chapter 13 plan which would pay his unsecured creditors 58.95% of their claims over sixty months. The Debtor's liquidation analysis claimed that in a chapter 7 liquidation proceeding, unsecured creditors would receive only 15.35%. If the Trustee's objection to the amount of the homestead exemption is ultimately sustained, the Debtor will only be able to confirm a chapter 13 plan which pays a 100% dividend to unsecured creditors.

### JURISDICTION

A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.,* 226 B.R. 724 (1st Cir. BAP 1998). A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). An order granting or denying a claimed exemption is a final, appealable order. *Fiffy v. Nickless (In re Fiffy),* 293 B.R. 550, 553 (1st Cir. BAP 2003); *Howe v. Richardson (In re Howe),* 232 B.R. 534, 535 (1st Cir. BAP 1999), *aff'd,* 193 F.3d 60 (1st Cir. 1999).

### STANDARD OF REVIEW

The Panel reviews findings of fact for clear error and conclusions of law *de novo. See TI Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719 n. 8 (1st Cir.1994). Since there were no disputed facts involved in the bankruptcy court's decision, our review of the Order is *de novo,* as it involves only questions of statutory construction. *See Hiller Cranberry Products, Inc. v. Koplovsky,* 165 F.3d 1, 4 (1st Cir.1999); *In re Watson,* 309 B.R. 652, 658–59 (1st Cir. BAP 2004).

### DISCUSSION

Section 522(p)(1)(A) of the Bankruptcy Code provides:

... a debtor may not exempt any amount of *interest that was acquired by the debtor* during the 1215–day period preceding the date of the filing of the petition that exceeds in the aggregate $125,000 in value in—

(A) real or personal property that the debtor or a dependent of the debtor uses as a residence.

11 U.S.C. § 522(p)(1)(A) (emphasis added). The bankruptcy court sustained the Trustee's objection to the amount of the homestead exemption available to the Debtor based on its finding that the Debtor acquired an interest in the Property less than 1215 days prior to the Petition Date. In this appeal, the parties disagree as to whether an "interest" in property was "acquired" by the Debtor when the Deed was delivered and recorded. The Debtor puts forth two arguments: (1) the Debtor's legal title to a one-half undivided interest in the Property obtained through the delivery and recording of the Deed did not constitute the acquisition of an "interest" within the meaning of § 522(p)(1); and (2) under applicable state law, the Order cannot apply the limitation of § 522(p)(1) to the non-debtor co-owner's undivided interest in the Property. The Trustee contends that the delivery and recording of the Deed resulted in the acquisition of an interest in property by the Debtor within the meaning of § 522(p)(1)(A), and that the effect of the Order on the non-debtor co-owner is not properly before the Panel because it was not raised before the bankruptcy court. The Panel will address each of the Debtor's arguments in turn, as necessary.

## I. Was an Interest in Property Acquired?

Although the word "interest" is not defined in the Bankruptcy Code, it has been interpreted in the context of § 522(p) to mean "some legal or equitable interest that can be quantified by a monetary figure," *Wallace v. Rogers (In re Rogers)*, 354 B.R. 792, 796 (N.D.Tex.2006), or simply as "equity in the homestead." *In re Rasmussen*, 349 B.R. 747, 756 (Bankr.M.D.Fla. 2006). The Debtor contends that he had a

cognizable, quantitative, equitable interest in the Property since 1997 as a co-beneficiary of the Trust. Therefore, he did not "acquire" an interest when the Deed was delivered and recorded twenty-eight days before the Petition Date and the limitation of § 522(p)(1) is not applicable. In short, the Debtor's case relies on the finding that, for purposes of the homestead exemption, he had a sufficient interest in the Property prior to the conveyance of the Deed.

### A. The Debtor's Argument

 In support of his contention, the Debtor argues that under Massachusetts law, when the trustees and beneficiaries of a nominee trust are identical, the relationship is a trust in form only and the beneficiaries hold legal title. Under Massachusetts law, "[a] nominee trust is an entity created for the purpose of holding legal title to property with the trustees having only perfunctory duties; upon termination of the trust, the beneficiaries accede to title as 'tenants in common in proportion to their beneficial interests.'" *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 893 (1st Cir.1979) (*quoting* Robert L. Birnhaum & James F. Monahan, *The Nominee Trust in Massachusetts Real Estate Practice*, 60 Mass. L.Q. 364, 365 (Winter 1976)). The key aspect of a nominee trust is the limitation on the powers of the trustees. "Unlike in a 'true trust', the trustees of a nominee trust have no power, as such, to act in respect of the trust property, but may only act at the direction of (in effect, as agents for) the beneficiaries." Birnhaum & Monahan, *supra*, at 365. Therefore, in a nominee trust, the legal title of the trustee and the equitable title of the beneficiary merge when the same person hold both titles. *In re Szwyd*, 346 B.R. 290, 293 (Bankr.D.Mass.2006), *aff'd*, 370 B.R. 882 (1st Cir. BAP 2007).

The Debtor relies primarily on three cases to support his first argument. In two of those cases, *In re Lyons,* 355 B.R. 387 (Bankr.D.Mass.2006), and *Rogers,* the debtors had each held legal title to the real estate used as their principal residence for a substantial period of time, 18 years and 11 years respectively. *Lyons,* 355 B.R. at 389; *Rogers,* 354 B.R. at 794. However, each debtor had acquired a right to homestead under applicable state law less than 1215 days before the filing of their bankruptcy petitions. *Id.* In each case, the bankruptcy courts held that the acquisition of a homestead interest in property previously owned by a debtor was not acquisition of an interest in property, but merely a classification of property the debtors already owned.[3] *Lyons,* 355 B.R. at 390; *Rogers,* 354 B.R. at 798. However, in this case, the Debtor did not hold legal title to the Property more than 1215 days prior to the Petition Date. He acquired both legal title and his right to homestead less than 1215 days prior to the Petition Date. Therefore, only if the Debtor can stack the period of time that he was both a trustee and a beneficiary of the Trust with the time he held actual legal title would the facts in this case be similar to those in *Lyons* and *Rogers.*

In the third case, *Rasmussen,* the debtors had purchased their residence in Florida 1210 days prior to filing their bankruptcy petition. *Rasmussen,* 349 B.R. at 750. On the date of the acquisition of the residence, the debtors had less than $30,000.00 in equity in the residence. *Id.* During the 1210 days before the filing of the bankruptcy petition, the value of the residence appreciated and the debtors had $175,000.00 in equity as of the filing of their bankruptcy petition. *Id.* at 751. The bankruptcy court held that the term "interest" in § 522(p) did not refer to the acquisition of a homestead, but rather meant equity in a homestead acquired by a debtor within the 1215 day period before a bankruptcy filing. *Id.* at 756. The bankruptcy court found that a debtor can acquire equity in a homestead in three ways, "either by making a down payment, by paying down the mortgage, or by appreciation due to market conditions." *Id.* at 757. The bankruptcy court held that the words "acquired by the debtor" in § 522(p) referred to the active acquisition of equity in a homestead by a debtor (i.e. through a down payment or a pay down on a mortgage) not by a passive acquisition through appreciation due to market conditions.[4] *Id.* at 757–58. The facts in *Rasmussen* are similar to this case because the debtors in *Rasmussen* acquired both legal title and their homestead right less than 1215 days before the filing of their bankruptcy petition. However, their equity in their homestead exceeded the cap in § 522(p) only due to appreciation in the market value of the homestead. The instant case does not involve any increase in the equity in the homestead, regardless of when the Debtor is found to have "acquired" an interest in the Property. Accordingly, *Rasmussen* provides no support for the Debtor's position.

---

3. At least one bankruptcy court has held that a homestead under Massachusetts law is a classification of property and not an interest in property within the meaning of § 522(p)(1). *In re Lyons,* 355 B.R. 387, 390 (Bankr.D.Mass.2006); *but see In re Webber,* 278 B.R. 294, 297 (Bankr.D.Mass.2002) (a homestead exemption under Massachusetts law takes the form of an estate in land).

4. In *Rasmussen,* the bankruptcy court also held that under Florida law and § 522(p) the joint debtors in that case were each entitled to a homestead exemption and even though each were limited by § 522(p), the debtors were effectively able to shield all of the equity in their residence by stacking the exemptions. *Id.* at 755.

A recent decision under the Florida homestead law also supports the Debtor's argument. *In re Cocke*, 371 B.R. 554 (Bankr.M.D.Fla.2007). In *Cocke*, the debtors' principal residence was held by one debtor spouse as trustee for the benefit of the joint debtors and their minor granddaughter over whom they had custody. *Id.* at 555–56. The trust provided that the rights of the beneficiaries be deemed personal property for purposes of assignment and transfer and that no beneficiary had any legal or equitable real property interest in any real estate held in the trust. *Id.* The bankruptcy court sustained the trustee's objection to the debtor's homestead exemption claim because under the express language of the trust the debtors did not own any legal or equitable interest in the real estate held by the trust. On appeal, the district court reversed and remanded to the bankruptcy court directing the court to determine whether: (1) the debtors have a legal or equitable right to use and possess the real estate in the trust as a residence; (2) the debtors have the intention to make the real estate in the trust their homestead; and (3) the debtors actually maintain the real estate as their homestead. *Id.* at 556–58. On remand, only the first of the questions identified by the district court was disputed. The district court's order specifically stated the first issue would be resolved in the debtors' favor if they were the grantors of the trust and if the trust were revocable. Citing precedent in Florida for liberally construing homestead laws to protect the family home from creditors and that a partial interest in property together with the right of possession created a right to a homestead exemption under state law, the bankruptcy court sustained the debtors' homestead exemption claim. *Id.* at 557–58.

The Tenth Circuit Court of Appeals recently held that a beneficial interest in a self-settled revocable trust to which the debtors had transferred their residence was a sufficient equitable interest to qualify for a homestead exemption under state law. *Redmond v. Kester (In re Kester)*, 493 F.3d 1208 (10th Cir.2007) (after a response by the Kansas Supreme Court to a certified question of law reported in *Redmond v. Kester*, 159 P.3d 1004 (Kan.2007)). A bankruptcy court has held that a person holding a remainder interest in a property while occupying that property under an oral lease with the life tenant could claim a homestead exemption. *In re Kimble*, 344 B.R. 546 (Bankr.S.D.Ohio 2006) (predicting that Ohio Supreme Court would permit a homestead exemption under such circumstances). However, for the reasons discussed below, the record in this case does not permit the Panel to consider the Debtor's arguments.

### B. The Trustee's Argument

The Trustee counters the Debtor's argument and proffers that the legal title to the Property acquired by the Debtor when the Deed was delivered and recorded is an "interest acquired by the [D]ebtor" within the meaning of § 522(p) and, therefore, the bankruptcy court correctly sustained her objection and limited the Debtor's homestead exemption. The Trustee argues that the Debtor had no right to a homestead under Massachusetts law unless and until the Debtor held legal title to an interest in the Property because an equitable interest under a nominee trust does not qualify for homestead under Massachusetts law. Mass. Gen. Laws ch. 188, § 1 (2007); *Assistant Recorder of the North Registry Dist. of Bristol County v. Spinelli*, 38 Mass.App.Ct. 655, 651 N.E.2d 411 (1995). The *Spinelli* court relied primarily on a prior decision of the Massachusetts Supreme Judicial Court (the "SJC") denying a real estate tax exemp-

tion to an equitable owner of a residence under strict construction of the word "owner" in a tax exemption statute. *Id.* at 413 (*citing Kirby v. Assessors of Medford,* 350 Mass. 386, 215 N.E.2d 99 (1966)). The *Spinelli* court also relied in part on an earlier decision of the SJC regarding equitable title and the homestead exemption. *Id.* at 413 (*citing Thurston v. Maddocks,* 88 Mass. (6 Allen) 427, 428 (1863)). In *Thurston,* the SJC held that the equitable title created under a bond for a deed is not sufficient to create a right to claim a homestead exemption under Massachusetts law. However, the Panel finds the Trustee's reliance on the *Spinelli* decision problematic.

First, *Spinelli* is not controlling authority in Massachusetts because it was decided by an intermediate appellate court. *Szwyd,* 370 B.R. at 889, n. 10. Second, the SJC has specifically overruled the strict construction standard applied to the homestead statute by the *Spinelli* court. *Dwyer v. Cempellin,* 424 Mass. 26, 673 N.E.2d 863, 867 (1996). In *Dwyer,* the SJC decided questions certified to it by the federal district court involving the proper construction of the Massachusetts homestead statute. The SJC concluded that "in light of the public policy and the purpose of the statute, the State homestead exemption should be construed liberally in favor of debtors." *Id.* In *Dwyer,* the chapter 7 trustee had objected to a declaration of homestead because it was a joint declaration of homestead when the statute at the time of the declaration provided that only one owner could acquire a homestead interest. *Id.* at 27, 673 N.E.2d 863. The SJC held that the second signature on the declaration of homestead did not invalidate the first signature and found that the first signatory to the declaration had a valid homestead interest. *Id.* at 31, 673 N.E.2d 863.

■ The SJC has since reaffirmed its view that the public policy behind the homestead exemption requires that it be construed liberally in favor of debtors. *Shamban v. Masidlover,* 429 Mass. 50, 705 N.E.2d 1136 (1999). In *Shamban,* the SJC dealt with another certified question from the federal district court arising from an objection to a claim of homestead exemption by a chapter 7 trustee. Ten years before the filing of her bankruptcy petition, the debtor had filed a declaration claiming a $200,000.00 homestead exemption (twice the amount generally available at the time) on account of a disability. Mass. Gen. Laws ch. 188, § 1A (2007). The chapter 7 trustee's objection was based upon the failure of the debtor to include with her declaration of homestead the proper documentary proof of her disability as required by the explicit provisions of the statute. *Shamban,* 705 N.E.2d. at 1139. The SJC held that although the debtor's declaration of the homestead exemption available to disabled individuals was invalid because her declaration did not comply with the statute, *Id.* at 53, 705 N.E.2d 1136, her declaration was valid under the statute pertaining to the regular homestead exemption, it was effective to establish a homestead exemption in the regular amount. *Id.* at 54, 705 N.E.2d 1136.

Finally, even if *Spinelli* is authority for the Trustee's position that a person holding an equitable interest in a nominee trust which holds legal title to that person's principal residence may not file a valid homestead declaration under Massachusetts law, the decision itself has been called into question. The decision in *Spinelli* was based upon that court's determination that the word "owner" did not include the holder of an equitable as opposed to a legal interest in a principal residence. However, the Massachusetts homestead

statute provides that a homestead interest "may be acquired ... by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise." Mass. Gen. Laws ch. 188, § 1 (2007). The precise identity of the persons other than the "owner" who may acquire a homestead interest is not clear in either the statute or the decided cases. In *Szwyd*, Judge Boroff pointed out that *Spinelli* "only tangentially touched on the 'or one or all who rightfully possess by lease or otherwise' language" in the homestead statute and that the court simply quoted the language in *Thurston* which stated that such language applied to leased land. *Szwyd*, 346 B.R. at 292. Therefore, the *Spinelli* court did not construe the homestead statute liberally in favor of the debtor, the *Thurston* decision did not deal with an equitable interest under a nominee trust and no case establishes whether a person other than an owner may acquire a homestead interest. It may be that the holding in *Spinelli* goes too far in its restrictive interpretation of the words "or one or all who rightfully possess by lease or otherwise;" however, Judge Boroff's view was that "such an inquiry should be certified to the state's highest court for resolution." *Id.* at 293. The Panel agrees with Judge Boroff. However, this case can be disposed of without the need for a certified question.

## C. Proof of the Debtor's Interest in the Property

 It is undisputed that the legal title to the Property was transferred from the Trust to the Debtor and his brother less than 1215 days prior to the Petition Date. The record before the bankruptcy court contains no evidence regarding the terms of the Trust. The transcript of the hearing before the bankruptcy court discloses that the Debtor never characterized the Trust as a nominee trust nor offered any evidence regarding the terms of the Trust or the nature or amount of the beneficial interest held by the Debtor under the Trust. The record before the Panel reflects that the Debtor's response to the Trustee's objection to his claim of a homestead exemption does not characterize the Trust or the Debtor's interest in it. The Debtor has included in the record on appeal a declaration of trust which purportedly created the Trust. However, that trust declaration was never entered as evidence, or even as an exhibit to a pleading, in the proceedings below. The Debtor's argument that the trust is a nominee trust is raised for the first time on appeal and it is well settled that theories not raised in the bankruptcy court cannot be raised for the first time on appeal. *Campos–Orrego v. Rivera*, 175 F.3d 89, 95 (1st Cir.1999); *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 510 (1st Cir.1998); *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 22 (1st Cir.1991). While there are exceptions to the rule, this case does not fall within them because the case does not involve an issue of constitutional magnitude and the record in the bankruptcy court is completely insufficient to permit the Panel to consider the Debtor's argument. *National Assn. of Social Workers v. Harwood*, 69 F.3d 622, 627–28 (1st Cir.1995).

Accordingly, the evidentiary record in this case is insufficient to support a claim by the Debtor to the existence of an interest in the Property prior to the delivery and recording of the Deed. In the absence of any such evidence, the question of whether a debtor who held an equitable interest in a principal residence as beneficiary of a nominee trust held a sufficient interest to qualify for a homestead exemption under Massachusetts law was not raised before the bankruptcy court and, therefore, the question cannot be consid-

**14**

ered for the first time on appeal. The record below supports the finding of the bankruptcy court that the Debtor acquired an interest in the Property less than 1215 days before the Petition Date and that his claim of a homestead exemption is limited to $125,000.00 under § 522(p).

## II. Application of § 522(p)(1)'s Limitation to the Non-debtor Co-owner

The Panel agrees with the Trustee's assertions that this issue was not properly brought before the bankruptcy court. As discussed previously, theories not presented to the court below cannot be raised for the first time on appeal. *Campos–Orrego,* 175 F.3d at 95; *LaChapelle,* 142 F.3d at 510; *McCoy,* 950 F.2d at 22. Therefore, the Panel need not address this issue further.

### *Conclusion*

The bankruptcy court's order of May 8, 2007 limiting the Debtor's homestead exemption pursuant to § 522(p) is AFFIRMED.