Hannah B. AROESTY, Debtor.

Hannah B. Aroesty, Appellant,

v.

Carolyn Bankowski, Chapter 13 Trustee, and Francis Sullivan, Appellees.

BAP Nos. MB 07–048, 07–049.
Bankruptcy No. 06–14993–JNF.

United States Bankruptcy Appellate Panel of the First Circuit.

April 10, 2008.

2

Herbert Weinberg, Esq., on brief for Appellant.

Carolyn A. Bankowski, on brief for Appellee Bankowski.

Before VAUGHN, CARLO, and KORNREICH, United States Bankruptcy Appellate Panel Judges.

VAUGHN, Bankruptcy Judge.

Hannah B. Aroesty (the "Debtor") appeals from the bankruptcy court's order sustaining objections by Francis Sullivan and Carolyn A. Bankowski, Chapter 13 Trustee (the "Trustee"), to the Debtor's claim of homestead exemption to the extent the exemption exceeds $125,000. Francis Sullivan and the Trustee do not dispute the validity of the Debtor's homestead exemption, but seek to impose the $125,000 limitation set forth in § 522(p)(1) of the Bankruptcy Code.[1] The issue presented here is whether legal title in real

---

1. Unless otherwise indicated, the terms "Bankruptcy Code," "section" and " § " refer to Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8.

property transferred by a nominee trust to the Debtor within 1,215 days of her petition date, is an interest acquired by the Debtor, triggering the limitation under § 522(p)(1). For the reasons set forth below, the Panel affirms the decision of the bankruptcy court.

## BACKGROUND

The facts are undisputed. The Debtor has owned and resided at the subject property located in Newton, Massachusetts (the "Property"), since 1985. The Debtor became the sole owner of the Property on December 1, 1999, when her ex-husband conveyed his interest in the Property to her as part of their divorce settlement. On October 6, 2000, the Debtor conveyed the Property to her parents as trustees of a nominee trust (the "Trust"). The Debtor was the sole beneficiary of the Trust. On December 19, 2006, three transactions occurred: the Debtor recorded a declaration of homestead as the beneficiary of the Trust, the Trust conveyed the Property to the Debtor, and the Debtor recorded a second declaration of homestead as the title owner of the Property. The deed making this conveyance was recorded.

Shortly thereafter, on December 27, 2006, the Debtor filed a voluntary Chapter 13 petition. In her schedules, the Debtor lists the Property value as $1,064,512 and total liens of $658,000, leaving a net equity of $406,512 in the Property. The Debtor then claimed the full $500,000 homestead exemption in the Property under Massachusetts state law. See Mass. Gen. Laws. ch. 188, § 1; 11 U.S.C. § 522(b) (permitting debtors to elect exemptions under the Bankruptcy Code or under applicable nonbankruptcy law). Francis Sullivan and the Trustee filed separate objections to the

Debtor's claimed homestead exemption under § 522(p)(1). On June 7, 2007, the bankruptcy court held a hearing on the matter and sustained the objections, denying the Debtor's claimed exemption amount to the extent it exceeded $125,000. This appeal followed.[2]

## JURISDICTION

 A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. See In re George E. Bumpus, Jr. Constr. Co., 226 B.R. 724 (1st Cir. BAP 1998). A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.), 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Id. at 646 (citations omitted). "An order granting or denying a claimed exemption is a final, appealable order." Khan v. Bankowski (In re Khan), 375 B.R. 5, 8 (1st Cir. BAP 2007); Howe v. Richardson (In re Howe), 232 B.R. 534, 535 (1st Cir. BAP 1999), aff'd, 193 F.3d 60 (1st Cir.1999).

## STANDARD OF REVIEW

 The Panel generally applies the clearly erroneous standard to findings of fact and de novo review to conclusions of law. See T.I. Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir.1995); Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.), 43 F.3d

**2.** The Panel did not hear appellee Francis Sullivan at oral argument because he failed to file his brief.

714, 719 n. 8 (1st Cir.1994). There are no disputed facts involved in the bankruptcy court's decision, and the Panel's review of the order denying the claimed exemption is *de novo.*

## DISCUSSION

 Chapter 188 of the Massachusetts General Laws provides:

> An estate of homestead to the extent of $500,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent devise, attachment, levy on execution and sale for payment of debts or legacies[.]

Mass. Gen. Laws. ch. 188, § 1. An estate of homestead is "free from attachment or levy on execution by creditors up to the amount allowed by law." *Assistant Recorder of N. Registry Dist. of Bristol County v. Spinelli,* 38 Mass.App.Ct. 655, 651 N.E.2d 411, 411 n. 2 (1995). "To acquire an estate of homestead in real property, the fact that it is designed to be held as such shall be set forth in the deed of conveyance by which the property is acquired; or, after the title has been acquired, such design may be declared by a writing duly signed, sealed and acknowledged and recorded in the registry of deeds for the county or district in which the property is situated."[3] Mass. Gen. Laws. ch. 188, § 2. "Accordingly, under the explicit requirements of the Massachusetts law statute, the owner of property does not have the right to claim a homestead exemption until the declaration is

recorded." *In re Perry,* 357 B.R. 175, 178 (1st Cir. BAP 2006); *see Houghton v. Szwyd (In re Szwyd),* 370 B.R. 882, 886 (1st Cir. BAP 2007) (providing that a homestead exemption in Massachusetts does not arise automatically as a matter of law but is an "estate in land" that requires a writing to acquire and terminate).

Section 522(p)(1) of the Bankruptcy Code in relevant part provides:

> ... a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215–day period preceding the date of the filing of the petition that exceeds in the aggregate [$125,000] ... in value in—
>
> (A) real or personal property that the debtor or a dependent of the debtor uses as a residence[.]

11 U.S.C. § 522(p)(1)(A). Thus, a homestead exemption permitted under state law is subject to the limitation under § 522(p)(1) when three elements exist: (i) an interest in property (ii) is acquired by the debtor (iii) within 1,215 days of the petition filing date. *Id.* The objecting party has the burden of proving that the debtor is not entitled to the claimed exemption. Fed. R. Bankr.P. 4003(c).

## I. Debtor's Beneficial Interest and Homestead Exemption Argument

The Debtor argues that § 522(p)(1) does not apply to her case. The Debtor's position is that an individual may file a declaration of homestead in real property held in trust. The Debtor argues that her beneficial interest in the Property was a legally cognizable interest that she protected by recording her first declaration of homestead. She avers that this protection preserved her right to claim the full $500,000 of homestead in the Property.

---

**3.** Here, the Debtor recorded two declarations of homestead in an effort to create an estate

homestead exemption under Massachusetts law. In support, the Debtor argues that the Massachusetts case of *Spinelli* is not controlling. The *Spinelli* court, an intermediate appellate court, held that an individual must have both a beneficial and legal interest in the subject property to be considered an "owner" to claim a homestead exemption.[4] 38 Mass.App.Ct. at 658–59, 651 N.E.2d 411; *see In re Bowers*, 222 B.R. 191, 193 n. 3 (Bankr.D.Mass.1998) (citing to *Spinelli* in noting that a debtor generally may not claim a homestead exemption in trust property); *but see Khan*, 375 B.R. at 12 (finding that *Spinelli* is not controlling law in Massachusetts because it was decided by an intermediate appellate court, and the Supreme Judicial Court overruled the strict construction applied in *Spinelli* in *Dwyer v. Cempellin*, 424 Mass. 26, 673 N.E.2d 863, 867 (1996)).

### A. Merger Theory

■ First, the Panel notes that there is precedent establishing a debtor's right to claim a homestead exemption in real property held by a trust under a merger theory. *See Szwyd*, 370 B.R. 882; *Khan*, 375 B.R. at 9. "[I]n a nominee trust, the legal title of the trustee and the equitable title of the beneficiary merge when the same person hold both titles." *Khan*, 375 B.R. at 9. As such, when the debtor is the sole trustee and sole beneficiary, the nominee trust ceases to exist, and the debtor is eligible for the Massachusetts homestead exemption as the "owner" of the trust property. *Szwyd*, 370 B.R. at 890–91. In the instant case, the Debtor was only the beneficiary, and third parties served as the trustees of the Trust. Thus, there was no merger of legal and equitable titles in the

Debtor allowing her to claim a homestead exemption under this theory.

### B. Spinelli Issue

Next, turning to the Debtor's argument regarding *Spinelli*, the Debtor argues *Spinelli* is not controlling and a debtor may claim a homestead exemption in trust property. The Trustee alerts the Panel that this issue is a red herring because she objects to the amount of the homestead exemption, not on the basis that the Debtor cannot claim an exemption in trust property. Nonetheless, the Trustee argues that even if the Debtor created an estate of homestead in the Property while it was held in the Trust, that estate of homestead was terminated by the second declaration of homestead she subsequently recorded as the title owner.

■ For the following reasons, the Panel agrees with the Trustee that it need not consider *Spinelli* in deciding this appeal. "Mass. Gen. Laws ch. 188 provides three methods for terminating an estate of homestead." *In re Taylor*, 280 B.R. 294, 296 (Bankr.D.Mass.2002); *In re Leigh*, 307 B.R. 324, 329–30 (Bankr.D.Mass.2004). First, "[t]he acquisition of a new estate or claim of homestead shall defeat and discharge any such previous estate." Mass. Gen. Laws, ch. 188, § 2. Additionally:

> An estate of homestead created under section two may be terminated during the lifetime of the owner by either of the following methods:—(1) a deed conveying the property in which an estate of homestead exists, signed by the owner and the owner's spouse, if any, which does not specifically reserve said estate

---

4. Relying on the tax exemption case of *Kirby v. Assessors of Medford*, 350 Mass. 386, 215 N.E.2d 99 (1966), the *Spinelli* court found that the homestead exemption statute must be "strictly construed." 38 Mass.App.Ct. at 658–59, 651 N.E.2d 411. The court found that a beneficiary of a trust did not get the protection of a declaration of homestead in real estate held by a trust. *Id.* at 659, 651 N.E.2d 411.

of homestead; or by (2) a release of the estate of homestead, duly signed, sealed and acknowledged by the owner and the owner's spouse, if any, and recorded in the registry of deeds for the county or district in which the property is located. *Id.* § 7. In sum, the estate of homestead may be terminated by a deed conveying the subject property without reserving the estate, by recording a release of homestead, or by recording a new declaration of homestead. *Id.* §§ 2 and 7; *see Leigh,* 307 B.R. at 330 (finding that the recording of a sequential declaration of homestead in the same residence acts to discharge any previous declaration).

■ On December 19, 2006, the Debtor recorded her first declaration of homestead as the beneficiary of the Trust. Subsequently, the Trust conveyed legal title in the Property to her and the Debtor recorded the deed. She then recorded a second declaration of homestead as the title owner of the Property. Without having to discuss the validity of the first declaration, the Panel can and does conclude that the deed and second declaration discharged all and any alleged prior declarations. Thus, the Panel need not consider the *Spinelli* issue. The Panel finds that the second declaration is operative in considering this appeal, and the Debtor's argument that she preserved her full exemption by recording her first declaration fails.

## II. Application of § 522(p)(1)

■ This then brings the Panel to the crux of the appeal, which is the question of whether the Debtor acquired an interest within 1,215 days of filing her petition, triggering the $125,000 limitation set forth in § 522(p)(1). The Debtor argues that an individual who owns a beneficial interest in the subject property beyond the 1,215–day period and later becomes the title owner, does not acquire an "interest" by recording a declaration of homestead during the requisite period. Her position is that by recording the declaration, she merely classified her interest in the Property as a homestead.[5] However, this argument fails to account for the legal title the Trust conveyed. Thus, the Trustee correctly points out that the issue is not whether the

---

5. In support of her argument, the Debtor cites to *Perry, In re Lyons,* 355 B.R. 387 (Bankr. D.Mass.2006), and *Wallace v. Rogers (In re Rogers),* 354 B.R. 792 (N.D.Tex.2006). These cases are distinguishable from the instant case and are not helpful. In *Perry,* the Chapter 7 trustee objected to the debtor's claimed exemption on the grounds that the debtor filed his declaration of homestead and voluntary bankruptcy petition simultaneously. 357 B.R. at 176. The issue there was whether the debtor's declaration of homestead was valid, where Massachusetts law did not permit a debtor to create a homestead exemption after entry of an order for relief in a bankruptcy case. *Id.* at 179. At issue in this case is not the validity of the Debtor's homestead exemption, but whether § 522(p)(1) limits her exemption.

In *Lyons,* the bankruptcy court overruled a creditor's objection to the debtor's homestead exemption, finding that recording a declaration of homestead during the requisite period was a classification of an interest, not an acquired interest triggering § 522(p)(1). 355 B.R. at 390–91. There, the debtor was the title owner of the subject property for over twenty years. *Id.* at 389.

In *Rogers,* the debtor owned the subject property for eleven years but began occupying the premises during the 1,215–day period. 354 B.R. at 794, 796. A creditor objected to the debtor's claimed homestead exemption on the grounds that shifting classification of the property from non-homestead to homestead property during the requisite period was an "interest" under § 522(p)(1). *Id.* at 796. The bankruptcy court found that the debtor did not acquire an "interest" but merely classified the property as a homestead. *Id.* at 798.

Both *Lyons* and *Rogers* are distinguishable from the instant case because the debtors there were title owners beyond the 1,215–day period. Here, the Debtor became the title owner during the 1,215–day period. As such, these cases do not apply to the Debtor's case.

recording of the declaration created an "interest," but whether the legal title is an "interest" under § 522(p)(1).

"Although the word 'interest' is not defined in the Bankruptcy Code, it has been interpreted in the context of § 522(p) to mean 'some legal or equitable interest that can be quantified by a monetary figure,' ... or simply as 'equity in the homestead.'" *Khan*, 375 B.R. at 9 (citations omitted). Prior to the December 19, 2006 conveyance, the Debtor held a beneficial interest in the Property. As a result of the conveyance, the Debtor obtained title interest in Property. Since the net equity in the Property is $406,512, the Debtor received title interest in property with a value of $406,512. This title interest has a quantifiable monetary value, and thus, it is an "interest" under § 522(p)(1).

Although not disputed, the Panel notes that the other two elements required under § 522(p)(1) are present in this case, namely that the Debtor "acquired" the interest in property within the meaning of § 522(p)(1) and within the requisite time. The Debtor "acquired" the title interest by accepting and recording the deed, and then recording the second declaration of homestead. *See In re Leung*, 356 B.R. 317, 322 (Bankr.D.Mass.2006) (finding that the debtor "acquired" an interest when he "accepted delivery of the deed and then made the affirmative step to declare a homestead"); *see also In re Rasmussen*, 349 B.R. 747, 757 (Bankr.M.D.Fla.2006). Additionally, the Trust conveyed the title interest on December 19, 2006, and the Debtor filed her petition on December 27, 2006. As such, the Debtor acquired the interest within 1,215 days of her petition date. Thus, the Panel finds that the bankruptcy court did not err in sustaining the Trustee's objection and limiting the Debtor's homestead exemption amount to $125,000.

## CONCLUSION

The bankruptcy court's order limiting the Debtor's homestead exemption pursuant to 11 U.S.C. § 522(p)(1) is AFFIRMED.